CT Corporation

**Service of Process Transmittal**
07/18/2014
CT Log Number 525353034

TO: Jean Mercer
Smith & Nephew, Inc.
7135 Goodlett Farms
Cordova, TN 38016

RECEIVED
7/21/14 - Smith & Nephew Inc.
Litigation group

RE: **Process Served in Indiana**

FOR: Smith & Nephew, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Susan Brownlee, Pltf. vs. Smith & Nephew, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summonses, Certificate(s), Complaint |
| **COURT/AGENCY:** | Marion County Superior Court, IN<br>Case # 49D071407CT023617 |
| **NATURE OF ACTION:** | Strict Liability Failure to Warn |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Indianapolis, IN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/18/2014 postmarked on 07/16/2014 |
| **JURISDICTION SERVED :** | Indiana |
| **APPEARANCE OR ANSWER DUE:** | Within 23 days of receipt |
| **ATTORNEY(S) / SENDER(S):** | David R. Novak<br>Schlyer and Associates<br>200 West 80th Place<br>Merrillville, IN 46410<br>219-757-0225 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/21/2014, Expected Purge Date: 07/26/2014<br>Image SOP<br>Email Notification, Jean Mercer jean.mercer@smith-nephew.com<br>Email Notification, Teresa Denson teresa.denson@smith-nephew.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>150 West Market Street<br>Suite 800<br>Indianapolis, IN 46204 |
| **TELEPHONE:** | 225-922-4490 |

7/21/14 - Emailed to:  SG, LL, TP
Complaints team

Page 1 of  1 / SD

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Cut on dotted line



US POSTAGE PAID
Pitney Bowes
ComBasPrice
024P000/876483

07/16/2014
From 46204
0 lbs 7 ozs

## USPS FIRST-CLASS™ PKG

0000

C010

Marion County Clerk's Office
200 E Washington Street W-122
INDIANAPOLIS IN 46204

SMITH & NEPHEW, INC
Ct Corp System
150 W Market St
Ste 800
Indianapolis IN 46204-2814

USPS SIGNATURE TRACKING #

9402 1096 9993 7722 2799 93

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

| Susan Brownlee, | ) | |
| *Plaintiff,* | ) | **49D07 14 07 CT 023617** |
| | ) | |
| v. | ) | |
| | ) | |
| Smith & Nephew, Inc., | ) | |
| *Defendant.* | ) | |

## Summons

To Defendant:    Smith & Nephew, Inc.
c/o CT Corporation System
150 West Market Street, Suite 800
Indianapolis, IN 46204

You are hereby notified that you have been summoned by the person named as Plaintiff and in the Court indicated above.

The nature of the suit is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made by the Plaintiff.

An Answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by the Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indiana State Bar Association at (317) 639-5465.

JUL 1 5 2014

Dated: _____

Clerk of Marion Superior/Circuit Court

 X  Registered or Certified Mail
___ Service on individual of the above address
___ Service at place of employment
___ Service on agent

David R. Thompson (#28806-29)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Suite 3540
Indianapolis, IN 46204
Phone: (317) 916-0000; Fax: (317) 955-1844

**Clerk's Certificate of Mailing**

I hereby certify that on the _____ day of _____, 2014, I mailed a copy of the attached Summons and a copy of the Complaint to the Defendant named on the attached Summons, by mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated: _____          Clerk, _____ Superior Court

                                            by _____

**Return on Service of Summons by Mail**

I hereby certify that the attached return receipt was received by me showing that the Summons attached hereto and a copy of the Complaint mailed to the Defendant named on the Summons was accepted by the Defendant on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the Summons attached hereto and a copy of the Complaint mailed to the Defendant named on the attached Summons was accepted by _____ on behalf of the Defendant on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint were returned not accepted on the _____ day of _____, 2014.

                                     Clerk, _____ Superior Court

                                     by_____

**Sheriff's Return on Service of Summons**

I hereby certify that I have served this summons on the _____ day of _____, 2014.

(1)  By delivering a copy of the Summons and a copy of the Complaint to the Defendant.

(2)  By leaving a copy of the Summons and a copy of the Complaint at _____, which is the dwelling place or usual place of abode of Defendant and by mailing a copy of the Summons to the Defendant at the above address.

(3)  Other Service or Remarks: _____

Sheriff's Costs: _____          Sheriff _____

                                     by Deputy _____

STATE OF INDIANA          )                    IN THE MARION SUPERIOR COURT
                          ) SS:
COUNTY OF MARION          )                    CAUSE NO.

Susan Brownlee,                          )
          *Plaintiff*,                   )
                                         )              **49D07 14 07 CT 023617**
          v.                             )
                                         )
Smith & Nephew, Inc.,                    )
          *Defendant*.                   )

## Summons

To Defendant:       Smith & Nephew, Inc.
                    c/o CT Corporation System
                    150 West Market Street, Suite 800
                    Indianapolis, IN 46204

You are hereby notified that you have been summoned by the person named as Plaintiff and in the Court indicated above.

The nature of the suit is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made by the Plaintiff.

An Answer or other appropriate response in writing to the Complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by the Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indiana State Bar Association at (317) 639-5465.

                                                        JUL 15 2014

Dated: _____        _____
                                       Clerk of Marion Superior Circuit Court

                                       _____
 X  Registered or Certified Mail       David R. Thompson (#28806-29)
___ Service on individual of the above address   THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
___ Service at place of employment     111 Monument Circle, Suite 3540
___ Service on agent                   Indianapolis, IN 46204
                                       Phone: (317) 916-0000; Fax: (317) 955-1844

### Clerk's Certificate of Mailing

I hereby certify that on the _____ day of _____, 2014, I mailed a copy of the attached Summons and a copy of the Complaint to the Defendant named on the attached Summons, by mail, requesting a return receipt, at the address furnished by the Plaintiff.

Dated: _____          Clerk, _____ Superior Court

by _____

### Return on Service of Summons by Mail

I hereby certify that the attached return receipt was received by me showing that the Summons attached hereto and a copy of the Complaint mailed to the Defendant named on the Summons was accepted by the Defendant on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the Summons attached hereto and a copy of the Complaint mailed to the Defendant named on the attached Summons was accepted by _____ on behalf of the Defendant on the _____ day of _____, 2014.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the Complaint were returned not accepted on the _____ day of _____, 2014.

Clerk, _____ Superior Court

by_____

### Sheriff's Return on Service of Summons

I hereby certify that I have served this summons on the _____ day of _____, 2014.

(1)   By delivering a copy of the Summons and a copy of the Complaint to the Defendant.

(2)   By leaving a copy of the Summons and a copy of the Complaint at _____, which is the dwelling place or usual place of abode of Defendant and by mailing a copy of the Summons to the Defendant at the above address.

(3)   Other Service or Remarks:

Sheriff's Costs: _____          Sheriff _____

by Deputy _____

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

Susan Brownlee,
     *Plaintiff,*

    v.

Smith & Nephew, Inc.,
     *Defendant.*

49D07 **14 07** CT 0 23 6 17

**FILED**

JUL 1 5 2014

*Clerk of White* CIRCUIT COURT

## Complaint for Damages

Plaintiff Susan Brownlee ("Brownlee"), by counsel, files her Complaint for Damages, and in support hereof, states and alleges as follows:

### Parties & Facts Common to All Counts

1. Brownlee was at all relevant times a resident of Johnson County, Indiana.

2. Defendant Smith & Nephew, Inc. was at all relevant times a for-profit foreign corporation registered to conduct business in the state of Indiana, with its principal Indiana office, for purposes of Trial Rule 75(A)(4), located in Indianapolis, Marion County, Indiana.

3. Smith & Nephew designs, manufactures, and sells medical devices, including hip replacement systems.

4. On July 17, 2012, Brownlee underwent a total left hip replacement.

5. The doctor who performed the surgery used a Smith & Nephew hip replacement system commonly referred to as the R3 Acetabular System.

6. The R3 Acetabular System failed.

7. As a result, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic injuries.

## COUNT I
### (Strict Liability Failure to Warn)

8.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

9.     Defendant engaged in the business of selling hip replacement systems, including the R3 Acetabular System.

10.     The R3 Acetabular System was expected to and did reach users and consumers such as Ms. Brownlee and her physicians without substantial change in the condition in which it was sold. The defect existed when the product left the Defendant's control.

11.     The R3 Acetabular System was in a defective condition because it failed to contain and convey adequate warnings to health care professionals and the public, including Ms. Brownlee and her physician, of the true risks of the R3 Acetabular System.

12.     The Defendant failed to convey timely and reasonable warnings regarding the safety and efficacy of the R3 Acetabular System.

13.     Defendant failed to provide timely and reasonable instructions and training concerning safe and effective use of the R3 Acetabular System to either Ms. Brownlee or her physician.

14.     The R3 Acetabular System, which was researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold and otherwise released into the stream of commerce by Defendant, was defective due to inadequate post-marketing warnings and/or instruction because Defendant failed to provide adequate warnings to health care professionals and the consuming public, including Ms. Brownlee.

15.     As a direct result and proximate consequence of the defective condition of the R3 Acetabular System, Plaintiff has suffered and continues to suffer serious and permanent non-

economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.

## COUNT II
### (Strict Liability Defective Design)

16.   Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

17.   Defendant engaged in the business of selling hip replacement systems, including the R3 Acetabular System.

18.   Defendant is the researcher, developer, manufacturer, distributor, marketer, promoter, supplier and seller of the R3 Acetabular System, which is defective and unreasonably dangerous.

19.   The R3 Acetabular System is defective in its design or formulation in that it is not reasonably fit, suitable or safe for its intended purpose and/or its foreseeable risks exceed the benefits associated with its design. The R3 Acetabular System is defective in design in that it lacks efficacy, poses a greater likelihood of injury and is more dangerous than other available devices indicated for the same conditions and uses.

20.   The design defect in the R3 Acetabular System renders the product dangerous to an extent beyond that which would be contemplated by the ordinary consumer or user with the ordinary knowledge common to the community as to its characteristics.  The danger associated with the defective design outweighs the utility of the R3 Acetabular System.

21.   The defective condition of the R3 Acetabular System rendered it unreasonably dangerous and/or not reasonably safe, and the R3 Acetabular System was in this defective condition at the time it left the hands of the Defendant. The R3 Acetabular System was expected

to and did reach Ms. Brownlee and her physician without substantial change in the condition in which it was designed, manufactured, labeled, sold, distributed, marketed, promoted, supplied and otherwise released into the stream of commerce. The design defect existed when the product left the Defendant's control.

22.     Defendant is strictly liable to Ms. Brownlee for designing, manufacturing, and placing into the stream of commerce the R3 Acetabular System, which was unreasonably dangerous for its reasonably foreseeable uses because of its design defects.

23.     Defendant knew or should have known of the danger associated with the use of the R3 Acetabular System, as well as the defective nature of the R3 Acetabular System, but has continued to design, manufacture, sell, distribute, market, promote and/or supply the R3 Acetabular System so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by the R3 Acetabular System.

24.     As a direct and proximate consequence of the defective design of the R3 Acetabular System, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.ial.

## COUNT III
### (Negligent Failure to Warn)

25.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

26.     Defendant researched, developed, designed, tested, manufactured, inspected, labeled, distributed, marketed, promoted, sold, and otherwise released into the stream of commerce the R3 Acetabular System and, in the course of same, directly advertised or marketed the product to the FDA, health care professionals, and consumers, or persons responsible for

consumers, and therefore had a duty to warn of the risks associated with the use of the R3
Acetabular System.

27.     Defendant was negligent, careless, reckless, grossly negligent and wanton, and
breached its duties in that it:

      a.  failed to adequately warn health care professionals and the public, including
Ms. Brownlee and her physician, of the true risks of the R3 Acetabular
System, including that the R3 Acetabular System could cause severe pain and
injury, and require further treatment, including revision surgery and/or
replacement;

      b.  failed to provide timely and reasonable warnings regarding the safety and
efficacy of the R3 Acetabular System;

      c.  failed to provide timely and reasonable instructions and training concerning
safe and effective use of the R3 Acetabular System to either Ms. Brownlee or
her physician;

      d.  failed to provide adequate warnings to health care professionals and the
consuming public, including Ms. Brownlee, and continued to aggressively
promote the R3 Acetabular System; and

      e.  failed to perform or otherwise facilitate adequate testing, failed to reveal or
concealed testing and research data, or selectively and misleadingly revealed
or analyzed testing and research data.

28.     As a direct and proximate consequence of Defendant's negligence, carelessness,
recklessness, gross negligence and wantonness, Plaintiff has suffered and continues to suffer

serious and permanent non-economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.

## COUNT IV
### (Negligent Defective Design)

29.    Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

30.    Defendant owed a duty to Ms. Brownlee to use reasonable care in the design, manufacture, sale and distribution of the R3 Acetabular System.    Defendant's proper performance of this duty would have eliminated the risk that the device Defendant distributed and sold would become unsafe for its intended use. Defendant breached its duty.

31.    Defendant had a duty to properly supervise, train and monitor its employees, agents and contractor to ensure their compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of the R3 Acetabular System, but failed to do so and were therefore negligent.

32.    Defendant had a duty to use supplies and other constituent materials that were reasonably safe, free of defects, and in compliance with applicable federal, state and local laws, ordinances, and regulations. Defendant breached this duty.

33.    Defendant had a duty to ensure that the R3 Acetabular System it distributed and sold was safe for implantation in the human body. Defendant failed to do so and was therefore negligent.

34.    Defendant had a duty to exercise reasonable care to sell reasonably safe medical devices so as not to subject the ultimate consumer to unreasonable risk of harm.

35.     Defendant was negligent, careless, reckless, grossly negligent and wanton, and breached its duties, in the manufacture, distribution and sale of the R3 Acetabular System in all of the following respects:

a.  By designing, manufacturing, inspecting, marketing, distributing, selling and/or supplying the R3 Acetabular System in such a way that persons using the product would be subjected to unreasonable danger;

b.  By placing an/or permitting the placement of the R3 Acetabular System into the stream of commerce when Defendant knew or should have known the R3 Acetabular System was defective;

c.  By failing to properly and adequately test and inspect the R3 Acetabular System to determine its safety;

d.  By failing to employ corrective safety mechanisms to limit the harm caused by R3 Acetabular System;

e.  By designing, manufacturing, inspecting, marketing, distributing, selling and/or supplying the R3 Acetabular System in an unsafe condition;

f.  By failing to keep abreast of and/or react appropriately to public, government and/or industry studies, information, documentation and recommendations, consumer complaints and reports and/or other information regarding R3 Acetabular System; and

g.  By failing to use due care under the circumstances.

36.     As a proximate result of Defendant's negligence, carelessness, recklessness, gross negligence and wantonness, Plaintiff has suffered and continues to suffer serious and permanent

non-economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.

## COUNT V
### (Breach of Express Warranty)

37.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

38.     Defendant advertised, labeled, marketed and promoted its product, the R3 Acetabular System, representing the quality to health care professionals, the FDA, Ms. Brownlee, and the public in such a way as to induce its purchase or use, thereby making an express warranty that the R3 Acetabular System would conform to the representations. More specifically, Defendant represented that the R3 Acetabular System was safe and effective for use by individuals such as Ms. Brownlee or that it was safe and effective to treat her condition.

39.     The representations, as set forth above, contained or constituted affirmations of fact or promises made by the seller to the buyer which related to the goods and became part of the basis of the bargain creating an express warranty that the goods shall conform to the affirmations of fact or promises.

40.     The R3 Acetabular System did not conform to the representations made by Defendant in that the R3 Acetabular System was not safe and effective, was not safe and effective for use by individuals such as Ms. Brownlee, and/or was not safe and effective to treat individuals such as Ms. Brownlee.

41.     At all relevant times, Ms. Brownlee used the R3 Acetabular System for the purpose and in the manner intended by Defendant.

42.     Ms. Brownlee, by the use of reasonable care, would not have discovered the breached warranty and realized its danger.

43.     The breach of the warranty was a substantial factor in bringing about Ms. Brownlee's injuries.

44.     As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.

## COUNT VI
### (Breach of Implied Warranty of Merchantability)

45.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

46.     The R3 Acetabular System was not reasonably fit for the ordinary purposes for which such goods are used and did not meet the expectations for the performance of the product when used in the customary, usual and reasonably foreseeable manner. Nor was the R3 Acetabular System minimally safe for its intended purpose.

47.     At all relevant times, Ms. Brownlee used the R3 Acetabular System for the purpose and in the manner intended by Defendant.

48.     Ms. Brownlee, by the use of reasonable care, would not have discovered the breached warranty and realized its danger.

49.     Defendant's breach of the implied warranty was a substantial factor in bringing about Ms. Brownlee's injuries.

50.    As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.

## COUNT VII
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

51.    Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

52.    Defendant at the time it sold the R3 Acetabular System that was implanted into Ms. Brownlee, had reason to know the particular purpose for which the R3 Acetabular System was required.

53.    Ms. Brownlee relied upon the Defendant's skill and/or judgment to furnish suitable hip replacement systems.

54.    There was an implied warranty that the R3 Acetabular System would be fit for a particular purpose.

55.    The defective condition of the R3 Acetabular System breached this warranty of fitness for a particular purpose.

56.    Defendant's breach proximately caused Ms. Brownlee's injuries.

57.    As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.

## COUNT VIII
### (State Law Claims based on Defendant's Violations of Federal Law)

58.     Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as if fully set forth herein.

59.     Defendants violated federal rules, regulations, and laws, including but not necessarily limited to the following:

a.   failing to follow FDA reporting requirements for serious injuries;

b.   failing to comply with applicable FDA Good Manufacturing Practices;

c.   failing to comply with federal warning guidelines; and

d.   violating the prohibition against adulterating a product.

60.     Defendant's violations of federal law give Plaintiffs claims under Indiana state law.

61.     Defendant was negligent in failing to give reasonable warnings of danger about the R3 Acetabular System.

62.     Defendant is strictly liable to Ms. Brownlee under the Indiana Product Liability Act, codified at Indiana Code section 34-20-2-1, *et. seq.*

63.     As a direct result of Defendant's conduct, Plaintiff has suffered and continues to suffer serious and permanent non-economic and economic injuries, and Defendant is liable to Plaintiff in an amount to be determined at trial.

*[Rest of page intentionally left blank]*

WHEREFORE, Plaintiff respectfully requests all available relief under the law, including but not limited to compensatory damages, punitive damages, and the expenses of bringing this lawsuit, including attorney fees, and for all other relief just and appropriate in the premises.

Respectfully submitted,

David R. Thompson (#28806-29)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Suite 3540
Indianapolis, IN 46204
Email: dthompson@robertkinglaw.com
Phone: (317) 916-0000
Fax: (317) 955-1844

| STATE OF INDIANA | ) | MARION SUPERIOR COURT 7 COURT |
| COUNTY OF MARION | )SS: | |
| | ) | CAUSE NO. 49D07-1407-CT-023617 |

SUSAN BROWNLEE,                         )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )
                                        )
SMITH & NEPHEW, INC.,                   )
                                        )
        Defendant.                      )

(146)  **FILED**  JUL 25 2014

*Elizabeth F. White*
CLERK OF THE MARION CIRCUIT COURT

### APPEARANCE FORM (CIVIL)
### Responding Party

1.  Please enter my appearance on behalf of:
    **Smith & Nephew, Inc.**

2.  Attorney information (as applicable for service of process):

    | | | |
    |---|---|---|
    | Name: | Erin A. Clancy | Atty. No.: | 21962-49 |
    | | Nicholas C. Dugan | | 30592-49 |
    | Firm: | KIGHTLINGER & GRAY, LLP | Phone: | 317-638-4521 |
    | Address: | One Indiana Square, Suite 300 | Fax: | 317-636-5917 |
    | | 211 North Pennsylvania Street | E-mail: | eclancy@k-glaw.com |
    | | Indianapolis, IN  46204 | | ndugan@k-glaw.com |

3.  Case Type requested: CT

4.  Will accept FAX service: Yes__ No_X_
    *[See Administrative Rule 8(b)(3)]*

5.  Social Security numbers of all family members in proceedings involving support issues.
    N/A

6.  Are there related cases?  Yes__ No_X_

7.  Additional information required by state or local rule:

                                Respectfully submitted,

                                Kightlinger & Gray, LLP

                                _____
                                Erin A. Clancy, Atty No. 21962-49
                                Nicholas C. Dugan, Atty No. 30592-49

## CERTIFICATE OF SERVICE

I certify a true and accurate copy of the foregoing has been served upon the following parties/counsel of record via regular United States mail, this 24 July 2014:
                                                                    25

David R. Thompson
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Ste 3540
Indianapolis, IN  46204

_____
Erin A. Clancy

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521 / Fax (317)636-5917
eclancy@k-glaw.com
ndugan@k-glaw.com

STATE OF INDIANA ) MARION SUPERIOR COURT 7 COURT
)SS:
COUNTY OF MARION ) CAUSE NO. 49D07-1407-CT-023617

SUSAN BROWNLEE, )
)
    Plaintiff, )
) **FILED**
vs. ) (146)  JUL 25 2014
)
SMITH & NEPHEW, INC., ) *Elizabeth A. White*
) CLERK OF THE MARION CIRCUIT COURT
    Defendant. )

## NOTICE OF INITIAL ENLARGEMENT OF TIME

Defendant, Smith & Nephew, Inc., by counsel, pursuant to Local Rule LR 49-TR 5 Rule

203(D), gives notice of an initial automatic enlargement of time to and including September 9,

2014, in which to file an Answer or other response to the Plaintiff's Complaint for Damages.

1. Plaintiff's Complaint for Damages was filed July 15, 2014.

2. Defendant was served via certified mail on July 18, 2014.

3. A response to Plaintiffs' Complaint is due on August 10, 2014.

4. Counsel to Plaintiff has been contacted and has voiced no objection at this time.

5. No prior enlargement has been sought.

6. The enlargement of time shall expire on September 9, 2014.

                                    Respectfully submitted,

                                      KIGHTLINGER & GRAY, LLP

                                      _____

                                      Erin A. Clancy, Atty No. 21962-49
                                      Nicholas C. Dugan, Atty No. 30592-49

## CERTIFICATE OF SERVICE

I certify a true and accurate copy of the foregoing has been served upon the following parties/counsel of record via regular United States mail, this 25th day of July, 2014:

David R. Thompson
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Ste 3540
Indianapolis, IN  46204

_____
Erin A. Clancy

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, Indiana 46204
(317) 638-4521 / Fax (317)636-5917
eclancy@k-glaw.com
ndugan@k-glaw.com

777777\2465428-1

2

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D07-1407-CT-023617 |

Susan Brownlee,
      *Plaintiff*,       )

    v.           )

Smith & Nephew, Inc.,
      *Defendant*.    )

**FILED**

AUG 0 6 2014

*Elizabeth A. White*
CLERK OF THE MARION CIRCUIT COURT

## Motion to Withdraw

Plaintiff's counsel, Robert D. King, Jr. and David R. Thompson, move the Court for leave to withdraw their appearances as counsel for Plaintiff, and in support hereof, state as follows:

1.      On July 24, 2014, counsel notified Plaintiff of their intent to withdraw from the instant case. *See* "Exhibit A" attached hereto.

2.      Plaintiff's address is 3198 Westpointe Drive, Franklin, IN 46131.

3.      Undersigned is sending a copy of the instant motion to Plaintiff.

WHEREFORE, Robert D. King, Jr. and David R. Thompson respectfully request that the Court enter an order withdrawing their appearances as Plaintiff's counsel.

Respectfully submitted,

Robert D. King, Jr. (#20963-49)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Suite 3540
Indianapolis, IN 46204
Email: rking@robertkinglaw.com
Phone: (317) 916-0000
Fax: (317) 955-1844

David R. Thompson (#28806-29)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Suite 3540
Indianapolis, IN 46204
Email: dthompson@robertkinglaw.com
Phone: (317) 916-0000
Fax: (317) 955-1844

## Certificate of Service

I hereby certify that on August _6_, 2014, a copy of the foregoing document was sent to the following by depositing a copy of the same in the United States mail, first class, postage prepaid.

Erin A. Clancy
Kightlinger & Gray
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204

Susan Brownlee
3198 Westpointe Drive
Franklin, IN 46131

David R. Thompson (#28806-29)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Suite 3540
Indianapolis, IN 46204
Email: dthompson@robertkinglaw.com
Phone: (317) 916-0000
Fax: (317) 955-1844



THE LAW OFFICE OF ROBERT D. KING JR., PC

ROBERT D. KING, JR.
rking@robertkinglaw.com

July 24, 2014

Susan Brownlee
3198 Westpointe Drive
Franklin, IN 46131

Re:   *Your Hip Replacement of July 17, 2012*

Dear Ms. Brownlee:

Per our previous communications, David Thompson and I are going to withdraw as your attorneys in ten days from the date of this letter.

The products liability action against Smith & Nephew is pending in the Marion County Superior Court under Cause No. 49D07-1407-CT-023617. The medical malpractice action is pending with the Indiana Department of Insurance. At this time, there are no hearings or deadlines in either case.

It is important that you consult with new legal counsel immediately. If you do not consult with new legal counsel, both of your cases could be dismissed and forever barred.

I wish you the best of luck in your endeavors. If you should need anything or have any questions, please do not hesitate to contact me.

Very truly yours,

Robert D. King, Jr.

The Chase Tower
111 Monument Circle
Suite 3540
Indianapolis, IN 46204

ph: 317.916.0000
tf: 866.916.6060
fx: 317.955.1844

A PROFESSIONAL CORPORATION
WWW.ROBERTKINGLAW.COM



| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. 49D07-1407-CT-023617 |

| | |
|---|---|
| Susan Brownlee, | ) |
|     *Plaintiff*, | ) |
| | ) |
|     v. | ) |
| | ) |
| Smith & Nephew, Inc., | ) |
|     *Defendant*. | ) |

**FILED**

(180)   AUG 0 6 2014

*Elizabeth f White*

CLERK OF THE MARION CIRCUIT COURT

## <u>Order</u>

    This matter came before the Court on the motion to withdraw filed by Robert D. King, Jr. and David R. Thompson. The Court, having considered the same and being duly advised, hereby finds that the relief sought therein should be granted.

    It is, therefore, ORDERED that the appearances of Robert D. King, Jr. and David R. Thompson, as counsel of record for the Plaintiff, are hereby withdrawn.

    SO ORDERED.

Dated: <u>  AUG 0 6 2014  </u>

*Michael D. Keele*

**Judge**, Marion County Superior Court
Civil Division 7

<u>Distribution</u>

Robert D. King, Jr.
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
111 Monument Circle, Suite 3540
Indianapolis, IN 46204

Erin A. Clancy
Kightlinger & Gray
One Indiana Square, Suite 300
211 North Pennsylvania Street
Indianapolis, IN 46204

Susan Brownlee
3198 Westpointe Drive
Franklin, IN 46131